# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0199-CVE |
| ) | (16-CV-0457-CVE-JFJ) |
| RAMSEY NATHANIEL HOGAN, ) | |
| a/k/a Kilo, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On June 27, 2016, defendant Ramsey Nathaniel Hogan filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 42). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

On November 22, 2004, a magistrate judge signed a complaint charging defendant with interference with commerce by threats or violence in violation of 18 U.S.C § 1951, also known as the Hobbs Act, and brandishing, using, and carrying a firearm during and in relation to a crime of violence in violation 18 U.S.C. § 924(c). Dkt. # 1. A grand jury subsequently returned an indictment charging defendant with seven count of Hobbs Act robbery (counts one, three, five, seven, nine, ten, and twelve), six counts of possessing a firearm during and in relation to a crime of violence (counts two, four, six, eight, eleven, and thirteen), and one count of being a felon in possession of a firearm (count fourteen). The underlying crime of violence for each of the firearms

charges was Hobbs Act robbery. The case was assigned to the Honorable Sven Erik Holmes, but the case was randomly reassigned to the Honorable H. Dale Cook. Dkt. ## 10, 18. Defendant pled guilt to two counts of using or carrying a firearm during and in relation to a crime of violence in violation of § 924(c) (counts two and eleven), and pursuant to a plea agreement, the remaining charges were to be dismissed at sentencing. Dkt. # 27, at 2. Defendant was sentenced to 84 months as to count two and 300 months as to count eleven, and the sentences were ordered to run consecutively. Dkt. # 30. Defendant filed a notice of appeal, but the appeal was dismissed as untimely. See Dkt. ## 33, 36.

On June 27, 2016, defendant filed a § 2255 motion (Dkt # 42) arguing that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and he asks the Court to vacate his convictions under § 924(c). In Johnson, the Supreme Court found that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially

---

[1] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

2

recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). The Court ordered plaintiff to respond to defendant's § 2255 motion. Dkt. # 45. Plaintiff filed a motion asking the Court to stay this case in light of a case pending before the Tenth Circuit, because it appeared that the Tenth Circuit would decide in United States v. Hopper, Appeal No. 15-2190, whether the reasoning of Johnson applied to the definition of "crime of violence" provided in § 924(c)(3). The Court stayed the case pending a ruling in Hopper. Dkt. # 48.

On June 5, 2018, the Court lifted the stay following decisions in Hopper and United States v. Salas, 889 F.3d 681 (10th Cir. 2018). Salas was issued before Hopper and, in Salas, the Tenth Circuit found that the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The Court appointed counsel to represent defendant and set briefing deadlines on defendant's § 2255 motion. Dkt. # 52. Before the response could be filed, the Tenth Circuit issued its decision in United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018), in which the Tenth Circuit determined that Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). The elements clause, in part, defines a "crime of violence" as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 924(c)(3)(A). The Tenth Circuit determined that the use or threatened use of violent force was a necessary element of Hobbs Act robbery, and Hobbs Act robbery qualifies as a "crime of violence" under § 924(c). Melgar-Cabrera, 892 F.3d at 1065-66.

Plaintiff argues that defendant's § 2255 motion is untimely based on the Tenth Circuit's decision in United States v. Greer, 881 F.3d 1241 (10th Cir. 2018). In Greer, the Tenth Circuit

3

narrowly construed the new constitutional right recognized in Johnson and stated that Johnson merely allows a defendant to challenge the validity of a sentence under the ACCA. Id. at 1248. The defendant in Greer asked the Tenth Circuit to apply the reasoning of Johnson to the United States Sentencing Guidelines (USSG), but the Tenth Circuit found that this was not a true Johnson claim. Id. Defendant argues that Greer has been "possibly abrogated" and it would be "ill-advised for this Court to resolve the issue of timeliness before the Tenth Circuit resolves the fate of *Greer*." Dkt. # 55, at 5. Since defendant's reply was filed, the Tenth Circuit issued a decision in United States v. Pullen, 913 F.3d 1270 (10th Cir. 2019), finding that Johnson did not create a new rule of constitutional law that would allow a § 2255 claimant to challenge the residual clause of USSG § 4B1.2. In an unpublished decision, the Tenth Circuit found that a challenge to the definition of "crime of violence" contained in § 924(c)(3)(B)(ii) did not fall within the scope of the rule recognized in Johnson, and a defendant challenging his conviction under § 924(c) could not rely on Johnson to show that his motion was timely under § 2255(f)(3). United States v. Wing, 730 F. App'x 592 (10th Cir. Apr. 4, 2018).[2] The Court finds that defendant's challenge to his § 924(c) convictions does not fall within the scope of the new rule of constitutional law recognized in Johnson, and he cannot rely on § 2255(f)(3) to show that his § 2255 motion is timely. Defendant argues that Greer has been called into question, but recent decisions by the Tenth Circuit have affirmed the holding of Greer that a Johnson claim must seek relief from a sentence imposed under the ACCA. Defendant was not sentenced under the ACCA and he has not asserted a Johnson claim. Defendant has not identified a Supreme Court decision other than Johnson that has been made

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

retroactively applicable to cases on collateral review, and he has not shown that his § 2255 motion is timely under § 2255(f)(3). Defendant's motion was not filed within one year of the date that his convictions became final, and he cannot establish that his motion was timely under § 2255(f)(1). The Court has considered whether defendant's § 2255 motion could be timely under any other provision of § 2255(f), and neither § 2255(f)(2) nor § 2255(f)(4) could be applicable. Defendant has failed to show that his § 2255 motion is timely, and his motion (Dkt. # 42) should be dismissed as time-barred.

Plaintiff also argues that Melgar-Cabrera is dispositive of the claim raised in defendant's § 2255 motion. Defendant acknowledges that Melgar-Cabrera appears to foreclose his challenge to the validity of his convictions under § 924(c), but he seeks to preserve his argument that Melgar-Cabrera was wrongly decided. Dkt. # 55. The Court notes that defendant has challenged whether Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), and this argument is preserved for the purpose of appeal. However, Melgar-Cabrera is binding precedent and plaintiff is correct that Melgar-Cabrera would require the Court to reject defendant's challenge to the validity of his § 924(c) convictions if he had filed a timely § 2255 motion.

The Court has considered the claim raised in defendant's § 2255 motion (Dkt. # 42) and finds that his motion should be dismissed as time-barred. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among

jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant Ramsey Nathaniel Hogan's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 42) is **dismissed as time-barred**. A separate judgment of dismissal is entered herewith.

**DATED** this 8th day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE